IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| LATTHEN CHANCE DOUGLAS | § | |
| VS. | § | CIVIL ACTION NO. 1:18-CV-312 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, Latthen Chance Douglas, an inmate confined at the Mark Stiles Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The above-styled action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Background

On October 22, 2018, this Court ordered the Government to Show Cause (docket entry no. 14).  On November 26, 2018, the Respondent sought an extension to file a response (docket entry no. 20) which was granted on November 27, 2018 (docket entry no. 20).  On January 7, 2019, Respondent filed a second motion for extension of time (docket entry no. 21) which was granted on January 7, 2019 (docket entry no. 22).  The latter order required the response be filed no later than February 6, 2019.  On February 6, 2019, Respondent filed the requisite response (docket entry no. 24).  On February 13, 2019, Petitioner filed a Motion for Entry of Default Judgment stating the response had not been filed.

Analysis

Federal Rule of Civil Procedure 55 authorizes the entry of default against a party whom a judgment for affirmative relief is sought when such party fails to plead, or otherwise respond, to the action.

A default judgment is a discretionary remedy. *Effjohn Int'l Cruise Holdings, Inc. v. A & L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003). "When an application is made to the court . . . for the entry of a judgment by default, [the court] is required to exercise [its] 'sound judicial discretion' in determining whether the judgment should be entered. WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE § 2685. In making its determination, the court is free to consider any number of factors that may appear from the record. The entry of judgment by default is a drastic remedy and should be resorted to only in extreme situations. *E.F. Hutton & Co. v. Moffat*, 460 F.2d 284, 285 (5th Cir. 1972); *see also Effjohn*, 346 F.3d at 563 (emphasizing that defaults are not favored and any doubts should be resolved in favor of the defendant). It is only appropriate where there has been a clear record of delay or contumacious conduct. *Moffat*, 460 F.2d at 285.

The response in this case was timely. Petitioner's Motion for Entry of Default Judgment should be denied.

Recommendation

Based on the foregoing, it is recommended that petitioner's motions for default judgment (docket entry no. 26) should be denied

Objections

Within fourteen (14) days after receipt of the Magistrate Judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the Magistrate Judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts*,* conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal

conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 28th day of February, 2019.

_____
Zack Hawthorn
United States Magistrate Judge