IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| LATTHEN CHANCE DOUGLAS | § | |
| VS. | § | CIVIL ACTION NO. 1:18-CV-312 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ORDER OVERRULING OBJECTIONS AND
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

  Petitioner, Latthen Chance Douglas, a prisoner currently confined at the Michael Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

  The Court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends dismissing the petition as unexhausted, procedurally barred or, alternatively, lacking in merit (docket entry no. 50).

  The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, and pleadings. Petitioner filed objections to the Report and Recommendation of United States Magistrate Judge (docket entry no. 57). This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

  Petitioner asserts the following claims with respect to this habeas petition challenging a disciplinary conviction:

    1. There was insufficient evidence to support the disciplinary finding;
    2. The finding relied on false testimony;
    3. Exculpatory evidence found in security recordings was destroyed;
    4. Douglas was not allowed to bring forth defense witnesses;
    5. The disciplinary hearing judge was not impartial as the hearing recording was stopped for the judge to make prejudicial statements;
    6. The disciplinary case was brought in retaliation against Douglas, who filed grievances against Officers Gabba and Boykin; and
    7. Douglas was denied the right to counsel because his original counsel

> substitute, who had been working with him before the hearing, was replaced with a new, unprepared substitute counsel.

Report and Recommendation, pg. 3

The Magistrate Judge found petitioner failed to exhaust claims 3 through 7 and, regardless, petitioner was not entitled to due process as petitioner is not eligible for release to mandatory supervision. Report and Recommendation, pgs. 8-9.

Petitioner lodges four objections to the Report and Recommendation: (1) the Magistrate Judge erred in denying the habeas petition without considering when the *Sandin* requirements do not apply; (2) the Magistrate Judge erred when he failed to consider petitioner suffered a liberty deprivation and/or atypical and significant hardships when he was placed in administrative segregation; (3) the Magistrate Judge failed to use the proper exhaustion standard; and (4) petitioner will suffer a fundamental miscarriage of justice if the merits of his claims are not reviewed. Objections (docket entry no. 51).

As to the proper exhaustion standard, petitioner argues his first opportunity to challenge the disciplinary conviction is in a § 2254 petition because the Texas Court of Criminal Appeals will not entertain challenges to prison disciplinary proceedings. *See Ex parte Palomo*, 759 S.W.2d 671 (Tex. Crim. App. 1988). This is simply a misstatement of the law. A state prisoner must exhaust all available state remedies before proceeding in federal court unless circumstances exist which render the state corrective process ineffective to protect the prisoner's rights. 28 U.S.C. § 2254(b)-(c). A federal court may not grant habeas corpus relief based on a prison disciplinary case if the petitioner has failed to exhaust all administrative remedies, including any appeal. *Baxter v. Estelle*, 614 F.2d 1030, 1031-32 (5th Cir. 1980) (citing *Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978) (per curiam) (holding that a Texas prisoner who had not exhausted "his clearly available administrative remedies" was properly denied habeas relief in the district court)); *Johnson v. Quarterman*, 2:06cv307-J, 2007 WL 1187999, *2 (N.D. Tex. 2007), accepting findings and conclusions of magistrate judge (requiring exhaustion of administrative remedies in connection with habeas petition challenging prison disciplinary proceeding); *see also Rourke v. Thompson*, 11 F.3d 47, 49, n. 6 (5th

Cir. 1993) (noting that state prisoner must exhaust administrative remedies before filing federal habeas action); *Gartrell v. Gaylor*, 981 F.2d 254, 258, n. 3 (5th Cir. 1993) (per curiam) (state prisoners challenging denial of good time credits must exhaust administrative remedies before seeking federal habeas relief). When challenging disciplinary decisions, state prisoners must exhaust the TDCJ's internal grievance procedure. *See Broussard v. Johnson*, 918 F.Supp. 1040, 1043 (E.D. Tex. 1996) (treating § 1983 action challenging disciplinary proceeding as a § 2254 proceeding, and noting the petitioner had adequately exhausted his administrative remedies through grievance procedure). *See also Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004) (outlining the two-step grievance procedure). A review of petitioner's grievances reveals petitioner only exhausted the claims of insufficiency of the evidence and falsification of the evidence. As outlined by the Magistrate Judge, these are the only claims petitioner brought through the step 1 and step 2 grievance process. *See* Disciplinary Records, pgs. 1-6 (docket entry no. 25-1). TDCJ officials were not afforded the opportunity to review petitioner's claims 3 through 7 as he did not assert those claims in both the step 1 and step 2 grievances. Any attempt to exhaust these claims now would be untimely under TDCJ rules and are procedurally defaulted. Petitioner is thus barred from bringing claims 3 through 7 before this court for federal habeas corpus relief. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997) (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1) (1991)). Petitioner has also failed to demonstrate cause or prejudice for failing to exhaust administrative remedies or a fundamental miscarriage of justice.[1] As such, petitioner's claims are unexhausted and petitioner is procedurally barred from raising his claims.

Petitioner next objects to the Report and Recommendation arguing the Magistrate Judge failed to consider when the *Sandin* requirements do not apply. Specifically, petitioner argues that when there is no evidence to support a finding of guilt, the *Sandin* requirements do not apply. Petitioner cites to two Ninth Circuit Court of Appeals opinions in support of this proposition.

---

[1] Petitioner, in a conclusory fashion, states he will suffer a fundamental miscarriage of justice but doesn't expound on that argument.

3

*Burnsworth v. Gunderson*, 179 F.3d 771, 775 (9th Cir. 1999); *Nonette v. Small*, 316 F.3d 872, 879 (9th Cir. 2002). No cases from the Fifth Circuit have made such a holding; on the contrary, the Fifth Circuit has routinely rejected challenges to disciplinary cases based on *Sandin*, where no liberty interest was shown, even where the petitioner alleges that no evidence supports the disciplinary finding. *See Ali v. Director*, 2011 WL 836683, *2 (E.D. Tex. March 2, 2011) (citing *Moreno v. Bunton*, 193 F.3d 518, 1999 WL 706246 (5th Cir., Aug. 24, 1999); *Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000)). In *Lee v. Karriker*, 6:08-CV-328, 2009 WL 3590093 (E.D. Tex., Aug. 17, 2009, *aff'd* 2010 WL 2546122 (5th Cir., June 24, 2010), this Court stated that "the Ninth Circuit's reasoning in *Burnsworth* differs from applicable Fifth Circuit precedent," citing *Malchi* and *Johnson v. Rodriguez*, 100 F.3d 299, 308-10 (5th Cir. 1997). This Court sitting in the Eastern District of Texas is bound by Fifth Circuit case precedent. As such, the reasoning of the Ninth Circuit carries little weight and this objection is without merit.

Petitioner finally objects that the Magistrate Judge failed to consider whether he suffered a liberty deprivation and/or an atypical and significant hardship implicating a constitutional right overcoming the *Sandin* test while incarcerated in administrative segregation. The Magistrate Judge did address this claim, stating, "being placed in disciplinary confinement, losing commissary and property privileges for thirty days, and remaining at the same time earning class are not sanctions which impose an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Report and Recommendation*, pgs. 8-9 (citations omitted).

To be clear, the Due Process Clause "does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." *Sandin v. Connor*, 515 U.S. 472, 478 (1995). Instead, a prisoner's liberty interest is "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. The Supreme Court made clear in *Wilkinson* "that there is no dispositive bright line between deprivations resulting from

initial custodial classifications and deprivations resulting from disciplinary measures." *Wilkerson v. Goodwin*, 774 F.3d 845, 852 (5th Cir. 2014) (citing *Wilkinson*, 545 U.S. 209, 213 (2005)). Courts have recognized, however, that extreme conditions of confinement in some instances can involve such atypical and extraordinary circumstances that such confinement can implicate a liberty interest. *See, e.g., Wilkinson,* 545 U.S. at 221 (Supreme Court recognized that the use of solitary confinement in Ohio's Supermax facility crossed the line); *Hernandez v. Velasquez*, 522 F.3d 556, 562-63 (5th Cir. 2008) (solitary confinement can be used in a way that "imposes atypical and significant hardship.");[2] *Wilkerson ,* 774 F.3d at 855-57 (two prisoners in decades-long closed-cell restrictions similar to the solitary confinement in *Wilkinson* had a cognizable due process interest in Louisiana's classification system). Following this line of reasoning, the Fifth Circuit has concluded that restrictive placements of less than two-and-a-half years do not implicate due process and that placements of more than five years likely do. *Wilkerson*, 744 F.3d at 855; *Bailey v. Fisher*, 647 F. App'x 472, 476-77 (5th Cir. 2016). Petitioner's two placements in administrative segregation for 45 days and then 30 days do not implicate a liberty interest according to the standards outlined by the Fifth Circuit. To the extent petitioner now complains of the conditions of confinement while incarcerated in administrative segregation, the court notes that petitioner has not exhausted this claim and it will not be considered here.

Accordingly, petitioner's objections are overruled. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

Furthermore, the Court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a

---

[2]In *Hernandez*, the Fifth Circuit found that the conditions complained of, shared cell for twelve months with permission to leave only for showers, medical appointments, and family visits, were less severe then those found unactionable in other cases. 522 F.3d at 562.

certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

In this case, petitioner has not shown that any of the issues would be subject to debate among jurists of reason. The questions presented are not worthy of encouragement to proceed further. Therefore, the petitioner has failed to make a sufficient showing to merit the issuance of certificate of appealability. Accordingly, a certificate of appealability will not be issued.

**SIGNED** this the **23** day of **August, 2021.**

_____
Thad Heartfield
United States District Judge